UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 08-cv-5271 |
| v. ) | |
| ) | Judge John W. Darrah |
| LUTHER SPENCE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America brought its complaint pursuant to 26 U.S.C. § 7401, at the direction of the Attorney General of the United States and with authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States, in order to reduce to judgment unpaid federal taxes, penalties and interest owed by Defendant, Luther Spence. On January 4, 2010, Plaintiff filed its Motion for Summary Judgment, along with a Supporting Memorandum of Law, a Local Rule 56.1 Statement of Material Facts, and a Local Rule 56.2 Notice to *Pro Se* Litigant Opposing Summary Judgment. Defendant never filed a response.

## UNDISPUTED FACTS

The following facts are taken from Plaintiff's Local Rule 56.1 Statement. Defendant's failure to dispute those facts results in each fact being deemed admitted for purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Defendant is an attorney and sole proprietor of Luther Franklin Spence & Associates, a law practice. (Pl. 56.1(a) ¶ 1.) He filed income tax returns (Form 1040) for the tax years 1994 and 1995 but failed to pay in full the amounts due for those years. (Pl. 56.1(a) ¶ 5.) The IRS

assessed the unpaid income tax liabilities (Form 1040) for the tax periods ending 12/31/94 and 12/31/95 based on his filed returns. (Pl. 56.1(a) ¶ 6.)

Defendant, doing business as Luther Franklin Spence & Associates, also failed to pay in full his federal employment taxes (Form 941) for the tax periods ending 6/30/95, 12/31/95, 6/30/01, 3/31/02, 6/30/02, 9/30/02, and 12/31/02. (Pl. 56.1(a) ¶ 7.) The IRS assessed the unpaid employment-tax liabilities (Form 941) of Luther Franklin Spence & Associates for tax periods ending 6/30/95, 12/31/95, 6/30/01, 3/31/02, 6/30/02, 9/30/02, and 12/31/02 based on tax returns filed by and on behalf of Defendant and Luther Franklin Spence & Associates. (Pl. 56.1(a) ¶ 8.) Defendant was the only person from Luther Franklin Spence & Associates responsible for filing and paying Form 941 taxes. (Pl. 56.1(a) ¶ 12.)

Defendant, doing business as Luther Franklin Spence & Associates, also failed to pay in full his federal unemployment taxes (Form 940) for the tax periods ending 12/31/95 and 12/31/98. (Pl. 56.1(a) ¶ 9.) The IRS assessed the unpaid unemployment tax liabilities (Form 940) of Luther Franklin Spence & Associates for the tax periods ending 12/31/95 and 12/31/98 based on returns filed by and on behalf of Defendant and Luther Franklin Spence & Associates and on audits of those tax periods. (Pl. 56.1(a) ¶ 10.) Defendant does not contest the findings of the IRS's audits. (Pl. 56.1(a) ¶ 11.) Defendant was the only person from Luther Franklin Spence & Associates responsible for filing and paying Form 940 taxes. (Pl. 56.1(a) ¶ 12.)

Defendant also failed to pay trust fund taxes for Pee Wee's Day Care, Inc. ("Pee Wee's"), a business for which he was responsible for paying the bills.[1] (Pl. 56.1(a) ¶¶ 13-18.) Defendant reviewed all the tax filings for Pee Wee's, communicated with any accountants for the company,

---

[1] "Because federal law requires employers to hold these funds in 'trust for the United States,' 26 U.S.C. § 7501(a), these taxes are commonly referred to as 'trust fund' taxes." *United States v. Energy Resources Co.*, 495 U.S. 545, 546-47 (1990).

2

hired and fired employees, and received all mail for the company. (Pl. 56.1(a) ¶ 15.) Defendant used funds for the bank account of Pee Wee's – including funds withheld from employees' paychecks – to pay employees, utilities, and other expenses, including during the tax periods at issue, and prioritized several of those expenses over any tax liabilities. (Pl. 56.1(a) ¶ 16.) Defendant's primary system for ensuring that 941 liabilities were paid (of which trust fund liabilities are a part) was to compute and pay the taxes due, if there were sufficient funds in the account, from the account which all other expenses were paid. (Pl. 56.1(a) ¶ 17.) Defendant was responsible for the payment of payroll and failed to keep proper records and provide sufficient payment to the IRS. (Pl. 56.1(a) ¶ 18.) The IRS assessed liabilities against Defendant pursuant to 26 U.S.C. § 6672, as a responsible person of Pee Wee's, for the tax periods ending 12/31/91, 6/30/92, 9/30/92, 12/31/92, 3/31/93, 6/30/93, 9/31/93, and 12/31/93 (assessed in one penalty for the period ending 6/30/94). (Pl. 56.1(a) ¶ 19.)

Defendant, doing business as Luther Franklin Spence & Associates, also failed to file Forms W-2 or W-3 for the tax year 1994. (Pl. 56.1(a) ¶ 20.) The IRS assessed a civil penalty against Defendant pursuant to 26 U.S.C. § 6721, as sole proprietor of Luther Franklin Spence & Associates, for his failure to file Forms W-2 or W-3 for the tax year 1994. (Pl. 56.1(a) ¶ 21.)

On the dates below, a delegate of the Secretary of the Treasury of the United States of America properly made assessments against Defendant for unpaid federal income tax liabilities (Form 1040), federal employment taxes (Form 941), federal unemployment taxes (Form 940), trust fund assessments (26 U.S.C. § 6672), and 26 U.S.C. § 6721 penalties, as set forth below, for

the types, in the amounts, and for which the following balances remain due as of November 30, 2009:[2]

| Type of Tax | Period Ending | Assessment Date | Type of Assessment | Assessed Amounts | Balance as of 11/30/09 |
|---|---|---|---|---|---|
| Form 1040 | 12/31/94 | 10/7/96 | Tax | $16,780.00 | $47,003.83 |
| | | 10/7/96 | Estimated Tax Penalty | $100.01 | |
| | | 10/7/96 | Late Filing Penalty | $2,785.50 | |
| | | 10/7/96 | Failure to Pay Penalty | $619.00 | |
| | | 10/7/96 | Interest | $2,052.93 | |
| | | 10/15/07 | Failure to Pay Penalty | $2,476.00 | |
| Form 1040 | 12/31/95 | 4/29/96 | Tax | $6,122.00 | $10,783.78 |
| | | | Interest | $51.41 | |
| | | 9/16/96 | Interest | $85.65 | |
| | | 4/21/03 | Fees/Collection Costs | $44.00 | |
| | | 10/15/07 | Failure to Pay Penalty | $940.50 | |
| Form 941 | 6/30/95 | 11/17/97 | Tax | $3,423.46 | $14,096.15 |
| | | 7/31/95 | Late Filing Penalty | $770.28 | |
| | | 11/17/97 | Tax Deposit Penalty | $342.35 | |
| | | 11/17/97 | Failure to Pay Penalty | $479.28 | |
| | | 11/17/97 | Interest | $950.92 | |
| | | 12/22/97 | Tax Deposit Penalty | $171.17 | |
| | | 9/22/03 | Fees/Collection Costs | $22.00 | |
| Form 941 | 12/31/95 | 11/17/97 | Tax | $6,631.95 | $5,613.94 |
| | | 1/31/96 | Late Filing Penalty | $349.68 | |
| | | 11/17/97 | Tax Deposit Penalty | $175.15 | |
| | | 11/17/97 | Failure to Pay Penalty | $49.95 | |
| | | 11/17/97 | Interest | $306.28 | |
| | | 11/22/97 | Tax Deposit Penalty | $71.36 | |
| Form 941 | 6/30/01 | 9/3/01 | Tax | $5,136.05 | $3,141.90 |
| | | 9/3/01 | Failure to Pay Penalty | $16.01 | |
| | | 9/3/01 | Interest | $10.48 | |
| | | 4/10/06 | Failure to Pay Penalty | $384.36 | |
| Form 941 | 3/31/02 | 6/2/03 | Tax | $2,321.20 | $5,212.77 |
| | | 6/2/03 | Late Filing Penalty | $522.27 | |
| | | 6/2/03 | Failure to Pay Penalty | $162.48 | |
| | | 6/2/03 | Interest | $179.54 | |
| | | 4/10/06 | Failure to Pay Penalty | $417.82 | |

---

[2] Interest continues to accrue as provided by statute on the unpaid assessments. See 26 U.S.C. §§ 6621, 6622, 6651. As relevant here, the Certificates of Assessment and Payments do not show the current balance due, merely the amount of tax and penalties assessed, any interest accruing until the date of assessment, unless otherwise noted, and payments (or credits) toward the liability. As of November 20, 2009, the total amount due and owing with respect to the assessed liabilities at issue in this case is $166,925.74.

4

| Type of Tax | Period Ending | Assessment Date | Type of Assessment | Assessed Amounts | Balance as of 11/30/09 |
|---|---|---|---|---|---|
| Form 941 | 6/30/02 | 6/2/03 | Tax | $2,487.00 | $5,505.96 |
| | | 6/2/03 | Late Filing Penalty | $559.57 | |
| | | 6/2/03 | Failure to Pay Penalty | $136.78 | |
| | | 6/2/03 | Interest | $143.76 | |
| | | 4/10/06 | Failure to Pay Penalty | $484.97 | |
| Form 941 | 9/30/02 | 6/2/03 | Tax | $2,487.00 | $5,427.86 |
| | | 6/2/03 | Late Filing Penalty | $559.57 | |
| | | 6/2/03 | Failure to Pay Penalty | $99.48 | |
| | | 6/2/03 | Interest | $95.87 | |
| | | 4/10/06 | Failure to Pay Penalty | $522.26 | |
| Form 941 | 12/31/02 | 6/2/03 | Tax | $2,238.60 | $4,518.65 |
| | | 6/2/03 | Late Filing Penalty | $302.21 | |
| | | 6/2/03 | Failure to Pay Penalty | $55.96 | |
| | | 6/2/03 | Interest | $42.82 | |
| | | 4/10/06 | Failure to Pay Penalty | $503.69 | |
| Form 940 | 12/31/95 | 12/22/97 | Tax | $295.04 | $3,748.76 |
| | | 1/31/96 | Late Filing Penalty | $18.65 | |
| | | 12/22/97 | Failure to Pay Penalty | $9.53 | |
| | | 12/22/97 | Interest | $18.54 | |
| | | 3/6/00 | Tax | $980.64 | |
| | | 1/31/96 | Late Filing Penalty | $245.16 | |
| Form 940 | 12/31/98 | 3/8/99 | Tax | $101.23 | $1,596.33 |
| | | 5/14/01 | Tax | $683.31 | |
| | | 5/14/01 | Interest | $143.73 | |
| | | 4/10/06 | Failure to Pay Penalty | $170.83 | |
| § 6672 | 6/30/94 | 3/21/95 | Trust Fund | $32,623.89 | $22,077.04 |
| | | 5/8/95 | Assessment | $695.24 | |
| | | 2/5/96 | Interest | $16.00 | |
| | | 7/18/05 | Fees/Collection Costs | $1,130.21 | |
| | | 8/8/05 | Interest | $22,549.91 | |
| | | 12/24/07 | Interest | $22.00 | |
| § 6721 | 12/31/94 | 12/8/97 | Failure to File W-2s | $17,212.81 | $38,198.77 |
| | | 12/8/97 | Interest | $29.73 | |
| | | | | **TOTAL** | **$166,925.74** |

(Pl. 56.1(a) ¶ 22.)

The IRS properly issued notice of each of these assessments to Defendant and made a demand for payment. (Pl. 56.1(a) ¶ 23.) Despite proper notice and demand, Defendant has failed, neglected, or refused to pay the amount of the assessments in full. (Pl. 56.1(a) ¶ 24.)

## LEGAL STANDARD

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard "mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a), which is that that trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]here is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The Court must draw all inferences in a light most favorable to the nonmoving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment must be entered against a party "who fails to make a showing sufficient to establish the existence of any element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party bears the burden of proof at trial, that party must present specific facts showing a genuine issue exists. *Id.* at 323-24; *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 892-893 (7th Cir. 2003).

## DECISION

Local Rule 56.1(b) provides that a party opposing a motion for summary judgment *shall* file a supporting memorandum of law and a response to the movant's statement of material facts, and a district court has authority under Local Rule 56.1 to grant summary judgment against a

6

party who fails to file a supporting memorandum of law. *Hefley v. Davis*, No. 08-cv-172, 2009 WL 1766783, at *3 (N.D. Ill. June 22, 2009) (citing *Nowak v. Transp. Joint Agreement of Cmty. Consol. Sch. Dist. No. 47*, 255 Fed. Appx. 85, 87 (7th Cir. 2007)); *see also Easley v. Kirmsee*, 382 F.3d 693, 699 (7th Cir. 2004) (where a party fails to respond to a motion for summary judgment . . . the Court may properly exercise its discretion and rule on the merits of the unopposed motion). Because Defendant failed to respond to Plaintiff's well-drafted Motion for Summary Judgment, the Court grants Plaintiff's Motion.

Plaintiff persuasively argues that Defendant is liable for the tax, interest, and penalties listed in the table above. Defendant has offered no argument in rebuttal.

The assessments made by the IRS are correct as a matter of law. A presumption of correctness attaches to a tax assessment made by the IRS. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Once the IRS introduces evidence of an assessment, the taxpayer has "the burden of proving that the assessment is erroneous." *Pittman v. C.I.R.*, 100 F.3d 1308, 1313 (7th Cir. 1996). Absent such proof, a court is "justified, in fact required, to enter summary judgment for the Government for the amount of the taxes proved to be due" according to the assessments made by the IRS. *Lane v. United States*, 328 F.2d 602, 603 (5th Cir. 1964); *see also, e.g., United States v. N. Trust Co.*, No. 01 C 6597, 2002 WL 31761415 (N.D. Ill. Dec. 9, 2002) (granting summary judgment in favor of the United States on the basis of tax assessments without allowing any discovery).

Under its statutory authority to make assessments of unpaid taxes, *see* 26 U.S.C. § 6201 *et seq.*, the IRS made the assessments set forth in the Statement of Undisputed Facts. Those assessments are evidenced by Certificates of Assessments, Payments, and Other Specified Matters, Form 4340 ("Certificates of Assessment"), filed with Plaintiff's Motion. These

Certificates of Assessment suffice, as a matter of law, to prove that the IRS made its assessment against Defendant on the dates indicated and that it made those assessments according to the requirements of the Internal Revenue Code. *See, e.g., United States v. Davenport*, 106 F.3d 1333, 1336 n.4 (7th Cir. 1997). Because Defendant has failed to produce specific evidence that the assessments are invalid or incorrect, this Court accepts the contents of the Certificates of Assessment as valid and correct.

Defendant is liable for Trust Fund Recovery liabilities under 26 U.S.C. § 6672. Sections 3102(a) and 3402(a) of the Internal Revenue Code require an employer to deduct and withhold income and social security taxes from the wages paid to its employees. *Slodov v. United States*, 436 U.S. 238, 242-43 (1978). Employers are also required to pay over their own contributions to the social security system. *See* 26 U.S.C. § 3111. These "trust fund taxes" are for the exclusive use of the United States and are not to be used as working capital for the business or to pay the employer's business expenses, including payroll. 26 U.S.C. §§ 3102(b), 3403, 7501(a); *see also Begier v. Internal Revenue Service*, 496 U.S. 53, 60-61 (1990) (stating that the act giving rise to tax liability, e.g., payment of wages, gives rise to a statutory trust in favor of the United States). The employer is required to report the amount of withheld taxes on its payroll tax return (Form 941). *See* 26 C.F.R. § 31.6011(a)-4(a)(1). A Form 941 payroll tax must be filed every calendar quarter. *See* 26 C.F.R. § 31.6071(a)-1(a).

Section 6672 of the Internal Revenue Code provides for the assessment of a Trust Fund Recovery Liability, equal to the amount of unpaid trust fund taxes, against any person (1) required to collect, truthfully account for, or pay over the employment taxes, who, in that capacity, willfully failed to collect, truthfully account for, or pay over the trust fund taxes. *See Bowlen v. United States*, 956 F.2d 723, 727 (7th Cir. 1992). "Any person required to collect,

truthfully account for and pay over such tax, . . . shall, . . . be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672. As noted, the Certificates of Assessment are presumed valid unless the person against whom the assessment was made demonstrates he is not liable for the taxes owed. *See Peterson v. United States*, 758 F. Supp. 1209 (N.D. Ill. 1990). Therefore, Defendant bears the burden of proving that he is not a responsible person or that he did not willfully fail to pay over the withheld taxes with respect to Pee Wee's for the periods at issue.

Defendant is a responsible person at Pee Wee's under § 6672. Only his wife, Addie Spence, had any authority to deal with the company's affairs; both Defendant and Mrs. Spence have stated that Defendant was primarily responsible for the company's finances. Further, Defendant has admitted to have had nearly total control of the financial affairs of the corporation and uniquely possessed the ability to avoid the default on the corporation's trust fund tax obligations. As a responsible person at Pee Wee's, Defendant had a duty to collect and remit the trust fund taxes at issue to the United States.

Defendant "willfully" failed to pay the trust fund taxes to the government. Liability attaches to a "responsible person" under § 6672 if he "willfully" fails to collect, truthfully account for, or pay over the withheld taxes. "'Willful' in this context means that the person either knew the taxes were not being turned over to the government and nonetheless opted to pay other creditors, or recklessly disregarded a known risk that the taxes were not being paid over." *United States v. Kim*, 111 F.3d 1351, 1357 (7th Cir. 1997). As the primary person responsible for the financial affairs of Pee Wee's, Defendant was responsible for the payment of wages and other corporate obligations while trust fund taxes remained unpaid. As a matter of law,

Defendant cannot meet his burden to show that his preferential payment of funds to himself and others ahead of the government did not amount to willfulness.

Defendant is also liable for unpaid taxes and penalties relating to the sole proprietorship, Luther Franklin Spence & Associates, and for unpaid taxes and penalties for unpaid income taxes. For his failure to file Forms W-2 and W-3 for the 1994 tax year, Defendant was assessed a civil penalty pursuant to 26 U.S.C. § 6721. Further tax, penalties, and interest were assessed against Defendant for his failure to pay, timely and in full, the quarterly employment taxes owed by Luther Franklin Spence & Associates for the tax periods ending 6/30/95, 12/31/95, 6/30/01, 3/31/02, 9/30/02, and 12/31/02, and annual unemployment taxes for the tax periods ending 12/31/95 and 12/31/98. Finally, tax, penalties, and interest were assessed against Defendant for his failure to pay individual income taxes for the tax years ending 12/31/94 and 12/31/95. Defendant has failed to provide any evidence indicating these assessments were incorrect or improper. Therefore, Plaintiff is entitled to judgment as a matter of law.

## CONCLUSION

In contravention of the local rules of this district, Defendant failed to provide a response to Plaintiff's Motion for Summary Judgment. Plaintiff has met its burden of demonstrating the absence of any genuine issue of material fact such that Plaintiff is entitled to summary judgment as a matter of law, and Defendant has not presented any evidence to rebut Plaintiff's arguments or factual assertions. Accordingly, Plaintiff's Motion for Summary Judgment is granted in its entirety. Judgment is entered, obligating Defendant to the United States in the amount of $166,925.74, plus interest and other statutory accruals from November 30, 2009.

Date: April 8, 2010

JOHN W. DARRAH
United States District Court Judge